UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DAVID MWANGI,**<br><br>     **Plaintiff,**<br><br>     v.<br><br>**HOLY NAME MEDICAL CENTER, INC.,**<br><br>     **Defendant.** | Civ. No. 22-07109 (KM) (JRA)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

David Mwangi brings parallel claims under the Americans With Disabilities Act ("ADA") and the New Jersey Law Against Discrimination ("NJLAD") against Holy Name Medical Center, Inc. ("Holy Name"), alleging discrimination in connection with Holy Name's denial of his application to be employed as a Patient Care Technician. Now before the Court is Holy Name's motion to dismiss Mwangi's complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The motion to dismiss is fully briefed and ripe for decision. (DE 3, 7, 11)[1] For the reasons expressed below, Holy Name's motion

---

[1] Certain citations to record are abbreviated as follows:

    "DE" = Docket entry number in this case

    "Compl." = Mwangi's complaint (DE 1)

    "Mot." = Brief in Support of Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (DE 3-1)

    "Opp." = Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (DE 7)

    "Reply" = Reply Brief in Further Support of Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (DE 10)

to dismiss is **GRANTED** without prejudice to the submission, within 30 days, of a proposed amended complaint.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) does not require that a pleading contain detailed factual allegations but "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must raise a claimant's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570. That standard is met when "factual content [] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim. The defendant bears the burden to show that no claim has been stated. *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016). I accept facts in the complaint as true and draw reasonable inferences in Plaintiff's favor. *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (en banc).

Ordinarily, a court deciding a Rule 12(b)(6) motion is confined to the allegations on the face of the complaint, with narrow exceptions:

> In deciding motions under Rule 12(b)(6), courts may consider "document[s] integral to or explicitly relied upon in the complaint," *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis in original), or any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document," *PBGC v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

*In re Asbestos Products Liability Litigation (No. VI)*, 822 F.3d 125, 134 n.7 (3d Cir. 2016);*see also Schmidt v. Skolas,* 770 F.3d 241, 249 (3d Cir. 2014). Alternatively, the Court has the power under Fed. R. Civ. P. 12(d) to convert the motion to one for summary judgment, ensuring of course that all parties have had fair warning and a chance to respond.

If an initial motion to dismiss is granted, the presumption is that it will be granted without prejudice to amendment, unless amendment would be futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

## II.  DISCUSSION

Defendants move to dismiss Plaintiff's two-count complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Count 1 ("ADA Discrimination") and Count 2 ("NJLAD Discrimination") have similar elements for purposes of this motion. An ADA plaintiff must establish that (1) he belongs to a protected category; (2) he applied for and was qualified for the position; (3) he was not hired despite his qualifications; and (4) after his rejection, the position remained open and the employer continued seeking applicants. *See Olson v. General Elec. Astrospace*, 101 F.3d 947, 951 186 (3d Cir. 2009) (quoting 42 U.S.C. § 12111(8)). A NJLAD plaintiff must establish that he (1) is a member of a protected class; (2) was qualified for the job for which he applied; (3) was not hired; and (4) the employer sought other candidates with the same qualifications or hired someone with the same or lesser qualifications who was not in the protected class. *Victor v. State*, 203 N.J. 383, 408–09 (2010) (citation omitted). The parties focus here on the issue of whether Mr. Mwangi was "qualified" for the job (Mot. at 5-7; Opp. at 5-11). Holy Name emphasizes that Mr. Mwangi is legally blind and (a fact not in the complaint) requires the assistance of a cane to walk (Mot. at 7). Mr. Mwangi replies that, with reasonable accommodations, he is capable of performing the job, and that Holy Name's refusal to hire him is therefore discriminatory (Opp. at 11-14.

The complaint must be dismissed, albeit for defects that might be remedied by the submission of an amended complaint. The complaint alleges that Mr. Mwangi is capable of lifting 100 pounds, walking, and standing, and that his vision limitations could be accommodated with specialized software and eyeglasses (Compl. ¶ 30). Holy Name states that the duties of a Patient Care Technician go far beyond those rudimentary requirements, and that those additional duties are listed in a Job Description, to which the complaint refers generally (Mot. at 7).

Each side has supported its position with extra-record material. Holy Name argues that, although the complaint alludes to the Job Description, it does not allege facts plausibly suggesting that Mr. Mwangi meets the

3

requirements set forth in that document (Mot. at 7). Mr. Mwangi responds with an affidavit concerning the extent of his walking and vision abilities, as well as his ability to perform the functions of his current position as a document processing specialist (Opp. Ex. 3). He attaches the Job Description referred to in his complaint, although he disparages it as a "red herring" (Opp. at 10, Ex. 4). This attached copy, according to Holy Name, omits a key page that describes the essential functions of the job. In reply, Holy Name attaches what purports to be a full copy of the same document, which, it says, leaves no doubt as to the essential functions of the job (Reply at 5).[2]

To an extent, I agree with Holy Name. The complaint does not specify the precise functions of the job, or explain why, e.g., the allegations that plaintiff can ambulate or lift a certain weight suffice to meet them. That lack cannot be remedied by statements in briefs or attachments to briefs. Nor, apparently, do the parties agree that the Job Description authoritatively sets forth the job's essential requirements. But if the Job Description is not a bona fide statement of those job requirements, the complaint must allege that factually. And plaintiff cannot dodge those requirements by selectively quoting, or attaching an incomplete version of, a document. In short, while plaintiff suggests the existence of factual issues, I will not unlock the doors of discovery based on an inadequate and unstructured statement of the case in the complaint.

That said, it does not appear that amendment would be futile. A properly alleged claim might well set forth issues worthy of exploration in discovery and on summary judgment as to what the job truly required and whether the plaintiff, with suitable accommodations, could discharge those requirements. In short, I identify a defect in pleading, not an insurmountable legal bar to the

---

[2]   For example, including taking patients' vital signs; assisting patients' personal hygiene, including assisting with baths and shaving; feeding patients unable to feed themselves; obtaining specimens of urine, etc.; performing treatments such as Enemas and Foley Catheter Care; performing CPR; emptying and measuring drainage bags and containers; assisting patients getting in or out of bed, walking, and transporting patients; and restraining patients when directed (Reply at 5-6).

claims. Thus I will grant the motion to dismiss without prejudice, and send the plaintiff back to the drawing board.[3]

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is **GRANTED**. The dismissal is granted without prejudice to the submission of a proposed amended complaint within 30 days, without the necessity of a formal motion to amend. If no proposed amended complaint is filed, the dismissal shall become one with prejudice.

An appropriate order follows.

Dated: August 18, 2023                                     /s/ Kevin McNulty

                                                                                    **Hon. Kevin McNulty**
                                                                                    **United States District Judge**

---

[3] In his brief, the plaintiff requests the opportunity to amend if any part of the motion to dismiss is granted (Opp. at 14.)